## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STAN LABER,<br>                    Appellant, | DOCKET NUMBER<br>NY-0831-19-0130-I-1 |
|                    v. | |
| OFFICE OF PERSONNEL<br>     MANAGEMENT,<br>                    Agency. | DATE: May 14, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stan Laber</u>, Albany, New York, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction because the Office of Personnel Management (OPM) had not issued a final decision. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review as moot, as OPM issued a final decision concerning the subject of the appeal after the initial decision was issued. 5 C.F.R. § 1201.113(b).

On April 15, 2019, the appellant filed a Board appeal regarding the commencement date of his Civil Service Retirement System (CSRS) annuity. Initial Appeal File (IAF), Tab 1 at 4. In response to the acknowledgment order, OPM moved to dismiss the appeal for lack of Board jurisdiction based on the fact that it had not yet issued a final decision regarding the matter. IAF, Tab 4. In a response to OPM's motion, the appellant argued that OPM did not intend to issue a final decision and the Board should retain jurisdiction over the appeal. IAF, Tab 5. In response to the administrative judge's order inquiring whether OPM intended to issue a final decision in this matter, and if so, when such a decision would be issued, OPM stated that it intended to issue a final decision within 14 days of its July 29, 2019 response. IAF, Tabs 6-7. That same day, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID) at 1-2.

On August 22, 2019, the appellant filed the instant petition for review alleging that OPM still had not issued a final decision despite stating that it would, and complaining that he has been trying to resolve his dispute with OPM for 4 years. Petition for Review (PFR) File, Tab 1 at 3-6. OPM filed a response

to the appellant's petition, asserting that on July 31, 2019, it issued a final appealable decision that changed the appellant's annuity commencement date. PFR File, Tab 4 at 4. OPM also included a copy of the July 31, 2019 final decision addressed to the appellant, as well as a computation sheet reflecting the new annuity commencement date and the resulting underpayment. *Id*. at 5-6. Because it appeared that OPM had issued a final appealable decision regarding the CSRS annuity commencement issue, the Office of the Clerk of the Board issued an order instructing the appellant to provide evidence and argument explaining why his appeal should not be dismissed as moot based on OPM's issuance of a final decision. PFR File, Tab 5. In a response to the order, the appellant questioned the validity of OPM's final decision letter and appeared to suggest that satisfactory relief has not been granted.[2] PFR File, Tab 6 at 4-5.

Generally, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under CSRS only after OPM has issued a final or reconsideration decision. 5 U.S.C. § 8347(d); *Smith v. Office of Personnel Management*, 114 M.S.P.R. 395, ¶ 8 (2010); 5 C.F.R. § 831.110. As an exception to this general rule, however, the Board may assert jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision. *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014). The administrative judge properly found that the Board did not have jurisdiction over the appeal, as OPM had not issued a final decision at the time the initial decision was issued, but stated that it intended to do so in short order. ID at 2; IAF, Tab 7 at 3. The appeal has now been rendered moot based on the fact that OPM has submitted evidence demonstrating that it has issued a final appealable decision and provided the appellant with Board appeal rights.

---

[2] The appellant also argues on review that the administrative judge erred in failing to rule on his request for class certification. PFR File, Tab 6 at 4-5; *see* 5 C.F.R. § 1201.27. Because we conclude that this appeal has been rendered moot by OPM's issuance of a final appealable decision in this case, we need not address whether the administrative judge erred in failing to rule on the appellant's request for class certification.

PFR File, Tab 4 at 5.  Accordingly, the appellant's petition for review is denied as moot.[3]

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[3] If the appellant is still dissatisfied with OPM's reconsideration decision, he may file a new Board appeal challenging that decision with the appropriate regional or field office.  *See* 5 U.S.C. § 8347(d); 5 C.F.R. § 831.110.  However, any new appeal would be subject to timeliness considerations and we make no representation about the timeliness of any potential appeal.  *See* 5 C.F.R. § 1201.22(b)(1).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.